UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:19-cv-00290-LPS |
| | ) |
| BOLIVARIAN REPUBLIC OF VENEZUELA; | ) |
| PETRÓLEOS DE VENEZUELA, S.A.; | ) |
| PDV HOLDING, INC.; CITGO HOLDING, INC.; | ) |
| CITGO PETROLEUM CORPORATION; | ) |
| GLAS AMERICAS LLC, *in its capacity as* | ) |
| *collateral trustee*; MUFG UNION BANK, N.A., *in* | ) |
| *its capacity as indenture trustee*; and | ) |
| ROSNEFT TRADING, S.A., ORLANDO | ) |
| CHACIN; JESUS LUONGO; ANTON | ) |
| CASTILLO; EULOGIO DEL PINO; and MARIA | ) |
| DEL CARMEN MARTINEZ, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO STAY ON BEHALF OF DEFENDANTS PDV HOLDING, INC., CITGO HOLDING, INC., AND CITGO PETROLEUM CORPORATION**

Plaintiff OI European Group B.V. ("OIEG"), a creditor of the Bolivarian Republic of Venezuela (the "Republic") whose international arbitral award has yet to be confirmed by a U.S. court, has brought this suit to challenge the same transfers at issue in the *Crystallex* (D. Del. Case Nos. 15-1082, 16-1007) and *ConocoPhillips* (D. Del. Case Nos. 17-0904, 17-0028) matters, with which this Court is well-versed. Defendants PDV Holding, Inc. ("PDVH"), CITGO Holding, Inc. ("CITGO Holding"), and CITGO Petroleum Corporation ("CITGO") (collectively, the "CITGO Defendants") respectfully move for the same relief this Court has provided them in the *Crystallex* and *ConocoPhillips* cases, namely to stay this matter pending resolution of the Third Circuit appeal in the related matter of *Crystallex International Corp. v. Bolivarian Republic of Venezuela* (D. Del. Case No. 17-0151; 3d Cir. Appeal Nos. 18-2797 & 18-3124) (the "*Crystallex*

*Asset Proceeding*"). The CITGO Defendants propose that the parties submit a joint status report presenting proposals—or an agreement—for the how the case should proceed no later than 7 days after the filing of any joint status report in the *Crystallex Asset Proceeding*, as ordered by the Court in the *Crystallex* and *ConocoPhillips* cases on November 30, 2018. No. 15-1082 D.I. 132.

I.    **Factual Background**

Plaintiff OIEG is a Dutch company and wholly-owned subsidiary of Owens-Illinois, Inc., a company engaged "in the world-wide manufacture of glass containers." Compl. ¶ 34. OIEG "is the majority shareholder in two Venezuelan companies that owned and operated Venezuela's two largest glass container production plants," which OIEG alleges were expropriated by the Republic in October 2010. *Id.* ¶¶ 34-36. OIEG commenced an international arbitration against the Republic, and sometime before July 2015, the arbitration tribunal issued an award against the Republic in the amount of roughly $377 million. *Id.* ¶¶ 38-39. OIEG sought to confirm its award in the U.S. District Court for the District of Columbia on July 27, 2016, and is still awaiting confirmation. *Id.* ¶¶ 40-41.

OIEG filed this suit on February 11, 2019, against not just the Republic, but also Petróleos de Venezuela, S.A. ("PDVSA") (the national oil company of the Republic), three U.S. affiliates of PDVSA (the CITGO Defendants), four individual former directors of the U.S. affiliates, one line-level employee of the U.S. affiliates,[1] and additional corporate entities. OIEG seeks to recover the value of its arbitration award against the Republic based on various claims asserted in its Complaint. CITGO and CITGO Holding were served on February 15, 2019, and

---

[1] The CITGO Defendants have asked OIEG to amend its Complaint to remove this individual (Maria del Carmen Martinez), because, contrary to OIEG's allegations, Compl. ¶ 18, she is not, and has never been, a director of PDVH or CITGO Holding. OIEG's counsel has given every indication it will cooperate with this request.

PDVH was served on February 19, 2019. On March 11, 2019, this Court entered a stipulated order agreed to by OIEG and the CITGO Defendants adjourning the CITGO Defendants' answer date of March 8, 2019 (as triggered by the earlier service date of February 15, 2019) and setting the deadline for the instant motion for March 18, 2019.[2]

In an effort to circumvent the Third Circuit's ruling in *Crystallex International Corp. v. Petróleos de Venezuela, S.A.*, 879 F.3d 79 (3d Cir. 2018) ("*Crystallex I Appeal*"), OIEG's substantive liability claims are premised on an alleged alter ego relationship between the Republic, PDVSA, and the CITGO Defendants. *See, e.g.*, Compl. ¶ 5. Specifically, the first four causes of action purport to allege "alter ego" claims against PDVSA (Count I), PDVH (Count II), CITGO Holding (Count III), and CITGO (Count IV), through which OIEG seeks to hold such entities directly liable for the Republic's debts. These alter ego claims are also designed to support OIEG's claims against PDVSA, PDVH, and CITGO Holding for violations of the Delaware Uniform Fraudulent Transfer Act, 6 Del. C. § 1301, *et seq.* ("DUFTA"), and against PDVH, CITGO Holding, and the individual directors for illegal dividends under 8 Del. C. § 174.[3]

OIEG's substantive liability claims are based on the same alleged transfers at issue in the *Crystallex* and *ConocoPhillips* cases with which this Court is well-versed. Indeed, upon filing this action, OIEG specifically identified the three *Crystallex* cases before this Court (Case Nos. 15-1082, 16-1007, 17-0151) as related matters. D.I. 1-1. As the Court is aware, all of the

---

[2] The five individual persons named as Defendants were purportedly served on February 15, 2019 through the Corporation Trust Company in Delaware. The Republic and PDVSA are, respectively, a foreign state and an "agency or instrumentality of a foreign state," as defined in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603, and therefore must be served in accordance with the FSIA, with each of those defendants having 60 days after service to respond to the Complaint, 28 U.S.C. § 1608(d). The Republic and PDVSA have yet to be served.

[3] OIEG makes no DUFTA claim against CITGO.

*Crystallex* and *ConocoPhillips* cases are presently stayed pending resolution of the appeal of the *Crystallex Asset Proceeding*, in which the Third Circuit will review (1) this Court's conclusion that PDVSA is the alter ego of the Republic and (2) the propriety of this Court's attachment, and possible execution, on the shares of PDVH owned by PDVSA as a means to satisfy Crystallex's arbitral award against the Republic.

**II.     This Court Should Stay This Matter Pending the Third Circuit's Resolution of the Related *Crystallex Asset Proceeding*.**

Because the Third Circuit's resolution of the issues presented in the *Crystallex Asset Proceeding* will bear directly on OIEG's claims, this Court should stay this matter pending the Third Circuit's decision. Specifically, OIEG's entire theory of recovery is predicated on its allegations that PDVSA and its subsidiaries, the CITGO Defendants, are alter egos of the Republic. The Third Circuit is presently assessing this Court's determination that PDVSA is the alter ego of the Republic, and its ruling will inform the viability of OIEG's claims. Additionally, this Court has already determined that the similar *Crystallex* and *ConocoPhillips* cases should be held in abeyance pending the Third Circuit's ruling, and judicial economy warrants treating OIEG's case the same.

While the *Crystallex Asset Proceeding* pending on appeal involves only alter ego allegations against PDVSA, its outcome will have significant ramifications for the CITGO Defendants in this matter because, as the ultimate parent of the CITGO Defendants, if PDVSA is not the alter ego of the Republic,[4] then clearly the CITGO Defendants cannot be the alter egos of the Republic. *E.g.*, Compl. ¶ 87 (alleging "Venezuela, *through PDVSA*, dominates and controls CITGO Petroleum" (emphasis added)). Indeed, 20 of the 24 paragraphs of OIEG's Complaint that allege facts purportedly supporting the alter ego allegations against the CITGO Defendants

---

[4] OIEG relies on largely the same alleged facts as Crystallex to support its alter ego claim against PDVSA.

4

specifically refer to the relationship between one or more CITGO Defendant and *PDVSA*. Compl. ¶¶ 75-78, 80-81, 83-85, 87, 89-98. Regardless of how the Third Circuit rules on the question of alter ego, OIEG's allegations will require fresh analysis under the new precedent.

Moreover, OIEG's DUFTA claims are substantively identical to the plaintiffs' claims in the *Crystallex* and *ConocoPhillips* actions, placing OIEG's case in the same position as those matters. This Court has rightly stayed those matters pending resolution of the *Crystallex Asset Proceeding* appeal and should provide the same relief here. To proceed with OIEG's claims on a separate track from the *Crystallex* and *ConocoPhillips* matters would be inefficient, and requiring motions to dismiss OIEG's DUFTA claims now would deprive the Court of the benefit of the Third Circuit's impending ruling in the *Crystallex Asset Proceeding*.[5] For all the reasons explained above, the CITGO Defendants urge this Court to align this matter with the *Crystallex* and *ConocoPhillips* matters by staying it pending the Third Circuit's resolution of the *Crystallex Asset Proceeding*.

This limited stay is appropriate under this Court's standards. This Court may grant a stay in its discretion and as a means of efficiently controlling its docket. *St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, No. 08-373-JJF-LPS, 2009 WL 192457, at *2 (D. Del. Jan. 27, 2009) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court "must weigh competing interests and maintain an even balance," *id.* (quoting *Landis*, 299 U.S. at 255), which involves considering "(1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury that a stay would

---

[5] Indeed, if OIEG's alter ego allegations are ultimately insufficient under the Third Circuit's ruling in the *Crystallex Asset Proceeding*, its DUFTA allegations would run headlong into the Third Circuit's ruling in the *Crystallex I Appeal* barring liability against non-debtor transferors,

5

inflict upon the non-movant; and (4) whether a stay will simplify issues and promote judicial economy." *Id.* All four factors counsel in favor of the requested stay.

First, the requested stay is no longer than the stay presently in effect in the *Crystallex* and *ConocoPhillips* matters; the Third Circuit appeal is fully briefed and scheduled for oral argument on April 16, 2019.[6] Second, responding to the OIEG Complaint before the Third Circuit rules in the *Crystallex Asset Proceeding* exposes the CITGO Defendants to (1) the risk of briefing a motion to dismiss devoid of legal arguments that may arise directly from the Third Circuit's ruling and (2) the risk to their financial wellbeing that may accompany the *OIEG* matter moving forward, despite the fact that the entire case could warrant dismissal in light of the Third Circuit's decision. Third, given that all actions by the Republic's creditors presently before this Court are already stayed, and that OIEG's arbitral award has yet to be confirmed, a stay in this matter would not cause OIEG injury—or even change its "place in line." And fourth, allowing the Third Circuit to provide certainty on the state of the law that affects the *Crystallex Asset Proceeding* will streamline the legal briefing and outcomes in this case. Indeed, the Third Circuit's impending ruling will likely be the most important precedent[7] for both OIEG and the CITGO Defendants to address in briefing on a motion to dismiss OIEG's Complaint; allowing briefing to proceed in its absence will only require supplemental briefing and motion practice after the Third Circuit rules.

In short, like the *Crystallex* and *ConocoPhillips* cases already stayed by this Court, OIEG's claims against the CITGO Defendants will be directly affected by the *Crystallex Asset*

---

[6] On March 1, 2019, the Republic filed a motion to intervene in the Third Circuit's *Crystallex Asset Proceeding* appeal and requested that the Third Circuit enter a 120-day stay; Crystallex has filed a brief in opposition to the Republic's request. This filing does not change any of the reasons for granting the CITGO Defendants' request in this case.

[7] The Third Circuit's ruling in the *Crystallex I Appeal* will no doubt be a close second.

*Proceeding* appeal. Staying this case pending the Third Circuit's ruling will therefore promote judicial economy and provide all parties the benefit of briefing *after* the state of the law is settled.

Dated: March 18, 2019

OF COUNSEL:

Nathan P. Eimer
Lisa S. Meyer
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Kenneth J. Nachbar*
Kenneth J. Nachbar (#2067)
Alexandra M. Cumings (#6146)
Morris, Nichols, Arsht & Tunnel, LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 351-9294
knachbar@mnat.com
acumings@mnat.com

*Attorneys for Defendants*
*PDV Holding, Inc., CITGO Holding, Inc., and CITGO Petroleum Corporation*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2019, the foregoing was electronically filed with the Clerk of the Court, via the ECF system. Service of that filing was made by operation of the United States District Court for the District of Delaware's electronic filing system to ECF-registered counsel for plaintiff and defendants.

>                    */s/  Kenneth J. Nachbar*
>                    Kenneth J. Nachbar (#2067)
>                    Morris, Nichols, Arsht & Tunnell LLP
>                    1201 North Market Street
>                    P.O. Box 1347
>                    Wilmington, DE  19899
>                    (302) 658-9200
>                    knachbar@mnat.com