UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:19-cv-00290-LPS |
| | ) |
| BOLIVARIAN REPUBLIC OF VENEZUELA; PETRÓLEOS DE VENEZUELA, S.A.; PDV HOLDING, INC.; CITGO HOLDING, INC.; CITGO PETROLEUM CORPORATION; GLAS AMERICAS LLC, *in its capacity as collateral trustee*; MUFG UNION BANK, N.A., *in its capacity as indenture trustee*; and ROSNEFT TRADING, S.A., ORLANDO CHACIN; JESUS LUONGO; ANTON CASTILLO; EULOGIO DEL PINO; and MARIA DEL CARMEN MARTINEZ, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF MOTION TO STAY ON BEHALF OF
DEFENDANTS PDV HOLDING, INC., CITGO HOLDING, INC., AND
<u>CITGO PETROLEUM CORPORATION</u>**

Plaintiff OI European Group B.V. ("OIEG") has opposed the motion to stay this proceeding pending resolution of the related appeal in *Crystallex International Corp. v. Bolivarian Republic of Venezuela* (D. Del. Case No. 17-0151; 3d Cir. Appeal Nos. 18-2797 & 18-3124) (the "*Crystallex Asset Proceeding*"), that was filed by Defendants PDV Holding, Inc., CITGO Holding, Inc., and CITGO Petroleum Corporation (together, the "CITGO Defendants"). OIEG has asked the Court to ignore the potential impacts of the Third Circuit's ruling on OIEG's claims and has mischaracterized the nature of the relief the CITGO Defendants have sought. Because it is clear that the pending appeal bears on OIEG's claims, because OIEG demonstrates zero risk of prejudice from a stay, and because a stay will enhance judicial economy, the CITGO

Defendants seek the same relief the Court has granted in the related *Crystallex* (D. Del. Case Nos. 15-1082, 16-1007) and *ConocoPhillips* (D. Del. Case Nos. 17-0904, 17-0028) matters—a stay pending the Third Circuit's ruling.

**I.       The Third Circuit's Impending Ruling in the *Crystallex Asset Proceeding* Will Likely Affect Arguments Regarding the Legal Sufficiency of OIEG's Claims.**

As part of the pending appeal in the *Crystallex Asset Proceeding*, the Third Circuit will review this Court's conclusion that the Bolivarian Republic of Venezuela ("the Republic") and its state-run oil company, Petróleos de Venezuela, S.A. ("PDVSA"), are alter egos under the Supreme Court's test in *First National City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*").  OIEG suggests that a stay pending resolution of the appeal is unnecessary because the PDVSA-Republic alter ego question is irrelevant to OIEG's alter ego claims against the CITGO Defendants.  This argument ignores OIEG's allegations and the practical reality of how a precedential decision from the Third Circuit regarding (1) whether PDVSA is the alter ego of the Republic and/or (2) the contours of the *Bancec* analysis will affect this matter going forward.

OIEG admits in its opposition that its alter ego claims against the CITGO Defendants are predicated, in part, on "Venezuela exerci[sing] its dominance . . . *through PDVSA*." Opp'n at 3 (emphasis added).  In fact, as noted in the CITGO Defendants' opening brief, the vast majority of OIEG's allegations purportedly supporting claims that the CITGO Defendants are alter egos of *the Republic* specifically refer to the relationship between a CITGO Defendant and *PDVSA*. Br. at 4-5 (citing Compl. ¶¶ 75-78, 80-81, 83-85, 87, 89-98).[1]  Accordingly, OIEG's allegations

---

[1] In this regard, it is OIEG—through its allegations—that suggests "C [is] an alter ego of A [because] B is also an alter ego of A." Opp'n at 7.  The CITGO Defendants' arguments regarding the threshold importance of whether the Republic and PDVSA are alter egos is not an effort to rewrite alter ego law, *see* Opp'n at 7, but rather a recognition of the very theory OIEG has set forth—*i.e.*, that the Republic controls the CITGO Defendants *via* PDVSA.

against the CITGO Defendants are bound up in its claim that the Republic and PDVSA are alter egos.  If the Third Circuit reverses this Court's ruling that the Republic is the alter ego of PDVSA, the bottom falls out for OIEG's alter ego claims against the CITGO Defendants because the entity purportedly controlling the CITGO Defendants on behalf of the Republic is not, itself, an alter ego of the Republic.  Even if the Third Circuit affirms this Court on the alter ego issue, its discussion of the relevant standards for alter ego claims, and the facts necessary to support them, will bear on the sufficiency of OIEG's allegations.  Either state of affairs would dramatically change both parties' arguments in motions to dismiss.[2]  Thus the *Crystallex Asset Proceeding* will affect OIEG's claims against the CITGO Defendants regardless of the fact that the Third Circuit will not directly address the CITGO Defendants' alter ego status.

Moreover, OIEG's efforts to downplay the relevance of the *Crystallex Asset Proceeding* by arguing that *Delaware* alter-ego law, rather than *Bancec*, would apply to its claims against the CITGO Defendants prove too much.  First, it is indisputable that *Bancec* will govern the Republic-PDVSA alter ego question presented to the Third Circuit, and, for the reasons described above, that threshold issue will directly affect the vast majority of OIEG's alter ego allegations against the CITGO Defendants.  Second, the Supreme Court's test in *Bancec* contains elements that will come into play under any application of the Delaware alter ego standard. *Bancec*, 462 U.S. at 629 (considering "extensive[e] control" and "fraud or injustice"); *Wallace ex. Rel. Cencom Cable Income Partners II, Inc. v. Wood*, 752 A.2d 1175, 1183-84 (Del. Ch. 1999) (considering "complete domination and control" and "fraud or similar injustice").  Thus,

---

[2] OIEG observes that it is possible the Third Circuit will dispose of the *Crystallex Asset Proceeding* on jurisdictional grounds, without addressing *Bancec* or this Court's alter ego finding. Opp'n at 7. While this is a possibility, it does not outweigh the efficiency benefits of waiting to see what the Third Circuit does before moving forward with OIEG's allegations.

the Third Circuit's decision—even though framed as a *Bancec* analysis—will inform any application of Delaware's similar alter-ego test to the CITGO Defendants.

**II.     The *St. Clair* Factors Support a Stay.**

Contrary to OIEG's arguments, all four *St. Clair* factors support the requested stay:

First, the requested stay is not "indefinite." Opp'n at 9-10. The Third Circuit will hear oral argument in the *Crystallex Asset Proceeding* on April 15, 2019, and the average length of time between oral argument and final disposition of a non-prisoner civil appeal in the Third Circuit is a mere 4.9 months.[3] The Republic's intervention in the appeal does not "create the potential for indefinite delay." Opp'n at 10. The Republic filed an appellate brief on April 3, 2019, presenting its arguments on the merits and nowhere renewing its request for a stay. The Third Circuit has invited the Republic to participate in the April 15 oral argument, leaving the timeline for decision on track.

Second, OIEG is wrong to equate the financial hardship that threatens the CITGO Defendants with the one it has incurred. The risk of additional litigation could cause irrevocable financial hardship on the CITGO Defendants that could not be unwound once the Third Circuit's decision renders OIEG's claims null and void. This Court should avoid causing such harm to the CITGO Defendants for the same reasons it has done so in the *Crystallex* and *ConocoPhillips* cases: the Third Circuit could lay down precedent that makes clear the CITGO Defendants should not bear such risk—or costs—at all.

Third, OIEG will face no hardship if this Court enters the requested stay. OIEG will not be put at a disadvantage compared to other creditors of the Republic currently pursuing claims in U.S. courts given that all matters pending before this Court regarding the Republic's debts are

---

[3] United States Courts, Table B-4A-U.S. Courts of Appeals Judicial Business (September 30, 2018), *available at* https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2018.pdf.

4

stayed, and other matters are likewise being held in abeyance.[4] OIEG's concerns about additional fraudulent transfers ignore the reality that current U.S. sanctions would prohibit any purported effort by the CITGO Defendants to transfer assets to the Republic to escape OIEG's reach. Executive Order 13808, 82 Fed. Reg. 41155 (Aug. 29, 2017) ("EO 13808"); Executive Order 13835, 83 Fed. Reg. 24001 (May 21, 2018) ("EO 13835"). And OIEG's concerns about the disappearance of evidence are unwarranted (Opp'n at 12); the CITGO Defendants entered a hold order on February 15, 2019, to preserve all potential discovery, and such discovery could be used to refresh any memories that may fade with the limited passage of time that would arise from the requested stay. Staying the case will place OIEG in the same position as Crystallex and ConocoPhillips—neither of which have initiated any discovery against the CITGO Defendants in their cases, either.

Finally, for all the reasons already described, judicial economy will be served by a stay. Waiting for the Third Circuit to settle the state of the law regarding whether PDVSA and the Republic may be treated as alter egos will allow briefing on dispositive motions for all parties in this matter to be fully informed by binding Circuit precedent and thereby prevent the need to engage in supplemental briefing once the Third Circuit's decision is known.

*\*\*\**

For the foregoing reasons, and all those expressed in the CITGO Defendants' opening brief, the CITGO Defendants request that the Court stay this matter pending resolution of the *Crystallex Asset Proceeding* and direct the parties to submit joint status reports thereafter to coordinate an appropriate briefing schedule.

---

[4] OIEG cites two cases outside this Court, Opp'n at 11, both of which are currently inactive. In *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, No. 4:18-cv-1458 (S.D. Tex.), briefing is stayed pending service of process on the Republic and PDVSA, which has not yet occurred. *Id.* D.I. 13 (June 6, 2018). In *Koch Minerals Sarl v. Bolivarian Republic of Venezuela*, No. 1:17-cv-2559 (D.D.C.), enforcement of the ICSID arbitral award is stayed pending the Republic's application to the ICSID to annul the award. *Id.* D.I. 20 (Mar. 14, 2019).

Dated: April 8, 2019

OF COUNSEL:

Nathan P. Eimer
Lisa S. Meyer
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
(312) 660-7600
NEimer@eimerstahl.com
LMeyer@eimerstahl.com

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Kenneth J. Nachbar*
Kenneth J. Nachbar (#2067)
Alexandra M. Cumings (#6146)
Morris, Nichols, Arsht & Tunnel, LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 351-9294
knachbar@mnat.com
acumings@mnat.com

*Attorneys for Defendants*
*PDV Holding, Inc., CITGO Holding, Inc., and CITGO Petroleum Corporation*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2019, the foregoing was electronically filed with the Clerk of the Court, via the ECF system.  Service of that filing was made by operation of the United States District Court for the District of Delaware's electronic filing system to ECF-registered counsel for plaintiff and defendants.

*/s/  Kenneth J. Nachbar*
Kenneth J. Nachbar (#2067)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
knachbar@mnat.com
