**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br>        Plaintiff, <br><br>    v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, *et al.*, <br><br>        Defendants. | Case No. 19-cv-00290 (LPS) |

**JOINT JANUARY 26, 2021 STATUS REPORT**

Pursuant to the Court's January 15, 2021, order directing the parties to file a joint status report by January 26, 2021, on how this case should proceed, Plaintiff, OI European Group B.V. ("OIEG"), and Defendants the Bolivarian Republic of Venezuela ("Venezuela"), the CITGO Defendants (as defined below), and Rosneft Trading, S.A. ("RTSA"), submit this joint status report.

On December 12, 2019, this Court entered an order staying this action "until the completion of the Supreme Court proceedings in the Crystallex Asset Proceeding[1] or further order of this or any other Court lifting the stay." D.I. 26 at 17 ("Memorandum Order"). On May 18, 2020, the Supreme Court denied the cert petition with respect to the Crystallex Asset Proceeding. *See* Order List, May 18, 2020. Later that day, OIEG advised the Court of this development by letter. D.I. No. 36.

On June 1, 2020, at this Court's request, the parties submitted a joint status report. In that report, OIEG requested that the Court set a deadline for all of the Defendants to respond to the

---

[1] *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Case No. 17-mc-151.

complaint.   The Defendant parties requested that this proceeding be further stayed pending OIEG's motion for an attachment in Case No. 19-mc-290.   On January 15, 2021, in Case No. 19-mc-290, this Court denied OIEG's motion to reconsider the Court's earlier denial of OIEG's motion for an attachment.

## I.   Position of OIEG

OIEG filed its complaint in this action on February 11, 2019, and since then all defendants have appeared or have been served except for defendant Petroleos de Venezuela, S.A. ("PDVSA").[2]   No defendant has filed a responsive pleading.   Certain defendants filed a motion for stay early in 2019, opposed by OIEG.   The Court did not rule on the motion, which was later mooted by its Memorandum Order.

OIEG requests that the Court enter an order setting a deadline of February 19 for the filing of responsive pleadings by all Defendants who have been served or appeared.   Given the age of this proceeding, OIEG requests that the Court permit OIEG to begin serving document requests on the Defendants, regardless of the nature of the responsive pleadings filed.   Whatever the results of OIEG's separate attachment proceeding, here substantial relief is sought, and will require factual review by this Court, with regard to the CITGO Defendants and the other defendant parties.

A recent ruling in the United States District Court for the Southern District of New York sharpens the urgency of proceeding expeditiously in this long-delayed action.   The court ruled that, as a result of PDVSA's default on its obligations under bonds scheduled to come due in

---

[2] On October 10, 2019, OIEG filed a motion for the issuance of letters rogatory in order to effect service of the summons and complaint on PDVSA.  D.I. No. 29.  That motion remains pending.  OIEG believes MUFG Union Bank, N.A ("MUFG") and GLAS Americas LLC ("GLAS") appeared.  *See* November 13, 2019 Status Conference, Tr. 13:21-23 [D.I. 32].  Today OIEG was advised that GLAS and MUFG would not be providing a position in this joint status report as they believe they have neither been served nor appeared.  OIEG has requested a meet and confer as to whether the dispute can be narrowed.

2020, PDVSA's 2020 bondholders are entitled to exercise their contractual right to enforce remedies on shares of CITGO Holding, Inc.  *See Petroleos de Veneuela S.A. v. MUFG Union Bank, N.A., et al.*, 2020 WL 6135761 (S.D.N.Y. Oct. 16, 2020).  That decision is currently on appeal with the Second Circuit, but it paves a path for the PDVSA bondholders to force a sale of those shares.  Such a sale would significantly undermine one of the causes of action in this proceeding – that the pledge of shares to the PDVSA bondholders should be unwound as a fraudulent transfer.

## II.   Position of PDV Holding, Inc., CITGO Holding, Inc., and CITGO Petroleum Corporation  (the "<u>CITGO Defendants</u>")

The CITGO Defendants maintain that this proceeding should remain stayed pending resolution of OIEG's forthcoming new motion for a writ of attachment (the *OIEG Attachment Proceeding*, Case No. 19-mc-290).  As the CITGO Defendants noted in the June 1, 2020, Joint Status Report, it makes little sense to engage in dispositive motion practice concerning a complaint that could be mooted if OIEG's efforts in the attachment proceeding are successful in establishing its right to an attachment of PDVSA's holdings in PDVH and be rendered futile if it is unsuccessful. *See* D.I. 41.  Allowing for resolution of the attachment proceeding first is also consistent with the Court's prior treatment of the *Crystallex* and *ConocoPhillips* DUFTA cases.

Issues that will need to be decided in the *OIEG Attachment Proceeding* overlap with issues to be decided in this case.  For example, the Court has directed that OIEG must prove that PDVSA is the alter ego of the Republic under *Bancec* in order to establish subject matter jurisdiction under the Foreign Sovereign Immunities Act.  *OIEG Asset Proceeding* D.I. 43 at 3.  In order to obtain an attachment, OIEG must also satisfy the substantive requirements of Delaware alter ego law.  Likewise, whether PDVSA is an alter ego of the Republic under

Delaware law is a key element of OIEG's DUFTA claim, e.g., D.I. 1 at ¶¶ 5, 51-74 (alleging alter ego between PDVSA and the Republic).

Further, PDVSA, once served, will certainly move to dismiss OIEG's DUFTA complaint, once the time is ripe to file such briefing, in part for failure to adequately allege an alter ego relationship between the Republic and PDVSA—an argument that may be informed in part by this Court's resolution of the *OIEG Asset Proceeding*.  It would be inefficient to brief that issue prior to the Court's resolution of the *OIEG Asset Proceeding*.  This is doubly true given that, as conceded here by OIEG, PDVSA remains unserved in the OIEG DUFTA proceeding.  Requiring the CITGO Defendants respond to OIEG's DUFTA complaint now, before PDVSA—a key defendant in OIEG's alter ego theory of DUFTA liability—does so will only result in inefficient, piecemeal litigation.

If the Court decides to order briefing on any motions to dismiss by served parties in the OIEG DUFTA proceeding now, the CITGO Defendants request 30 days after the Court issues its order lifting the stay.  Aside from the overlap between the attachment and DUFTA proceedings as relates to the relationship between PDVSA and the Republic, the CITGO Defendants have other, Delaware-specific bases to seek dismissal of OIEG's DUFTA claims against the CITGO Defendants.  For reasons that will be fully briefed in the CITGO Defendants' future motion to dismiss, OIEG has failed to adequately allege a basis under Delaware law to pierce the veils of the CITGO Defendants, as would be required to hold them liable under DUFTA as non-debtor transferors.  *Crystallex Int'l Corp. v. Petroleos de Venezuela, S.A.*, 879 F.3d 79, 86 (3d Cir. 2018).

In any event, consistent with the regular treatment of complaints subject to a motion to dismiss and consistent with all other DUFTA actions brought in this Court by creditors of the

Republic or PDVSA, no discovery in the OIEG DUFTA proceeding should begin until after motions to dismiss have been resolved.  *See Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) ("The Rule 12(b)(6) procedure 'streamlines litigation by dispensing with needless discovery and factfinding,' and motions to dismiss filed under it should typically 'be resolved before discovery begins.'" (citations omitted)).

### III.     Position of Venezuela

The Interim Government of Venezuela agrees with the position of the CITGO Defendants set forth above.

### IV.     Position of RTSA

Consistent with its position in the June 1, 2020 Joint Status Report, RTSA maintains that the most judicious course would be to stay all proceedings in this matter while OIEG re-urges its motion for a writ of attachment in Case No. 19-mc-290.  As OIEG has recognized, if OIEG is successful in attaching the PDVH shares and executing on its judgment, the DUFTA claims in this case may be mooted.  Strictly in the alternative, if the Court is disinclined to stay these proceedings, RTSA respectfully asks that the Court defer setting a deadline for the filing of responsive pleadings until RTSA can confer with OIEG on a mutually agreeable briefing schedule.  Should the Court wish to set the briefing schedule, RTSA respectfully proposes February 26, 2021 as the deadline for responsive pleadings. RTSA opposes OIEG's request to commence discovery before responsive pleadings are filed, as those pleadings may include dispositive motions that obviate the need for discovery.

### V.     Position of MUFG and GLAS

*See* footnote 2.

Dated: January 26, 2021

Respectfully submitted,

ABRAMS & BAYLISS

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ A. Thompson Bayliss*
A. Thompson Bayliss (#4379)
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Telephone: 302-778-1000
bayliss@abramsbayliss.com

By: */s/ Jody Barillare*
Jody C. Barillare (#5107)
Kelsey A. Bomar (#6641)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: 302-574-3000
Facsimile: 302-574-3001
jody.barillare@morganlewis.com
kelsey.bomar@morganlewis.com

SULLIVAN & CROMWELL LLP
Sergio J. Galvis
Joseph E. Neuhaus (*pro hac vice*)
James L. Bromley (*pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: 212-558-4000
Facsimile: 212-558-3588
galvis@sullcrom.com
neuhausj@sullcrom.com
bromleyj@sullcrom.com

 - and -

Sabin Willett (*pro hac vice*)
Christopher L. Carter (*pro hac vice*)
One Federal Street
Boston MA 02110
Telephone: 617-341-7700
Facsimile: 617-341-7701
sabin.willett@morganlewis.com
christopher.carter@morganlewis.com

 - and -

Angela N. Ellis
1700 New York Avenue, N.W. Suite 700
Washington, D.C. 20006-5215
Telephone: 202-956-7500
Facsimile: 202-293-6330
ellisan@sullcrom.com

*Attorneys for Plaintiff*
*OI European Group B.V.*

*Attorneys for Defendant the Bolivarian*
*Republic of Venezuela*

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

DLA PIPER LLP (US)

By: */s/ Kenneth J. Nachbar*
Kenneth J. Nachbar (#2067)
Alexandra M. Cumings (#6146)

By: */s/ Amy Evans*
R. Craig Martin (#5032)
Amy Evans (#3829)
1201 North Market Street, Suite 2100

6

1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Telephone: 302-351-9294
knachbar@mnat.com
acumings@mnat.com


EIMER STAHL LLP
Nathan P. Eimer (*pro hac vice*)
Lisa S. Meyer (*pro hac vice*)
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
Telephone: 312-660-7600
neimer@eimerstahl.com
lmeyer@eimerstahl.com

*Attorneys for Defendants PDV Holding, Inc.,
CITGO Holding, Inc. and CITGO Petroleum
Corp.*

Wilmington, DE 19801-1147
Telephone: 302-468-5700
craig.martin@us.dlapiper.com
amy.evans@us.dlapiper.com

NORTON ROSE FULBRIGHT US LLP
Stephen Dollar (*pro hac vice*)
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: 212-318-3400
steve.dollar@nortonrosefulbright.com

 - and -

Mark Oakes (*pro hac vice*)
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: 512-474-5201
mark.oakes@nortonrosefulbright.com

*Attorneys for Defendant Rosneft Trading, S.A.*