# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | C.A. No. 19-cv-290-LPS |

**OPENING BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
FOR ENTRY OF AN ORDER (I) DECLARING THAT GLAS AMERICAS LLC
AND MUFG UNION BANK N.A., HAVE BEEN TIMELY AND PROPERLY SERVED
AND/OR WAIVED SERVICE THROUGH THEIR APPEARANCE
IN THIS PROCEEDING, OR, IN THE ALTERNATIVE,
<u>(II) EXTENDING TIME TO EFFECT SERVICE</u>**

Dated: March 26, 2021

MORGAN, LEWIS & BOCKIUS LLP
Jody C. Barillare, Bar No. 5107
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: 302-574-3000
Facsimile: 302-574-3001
jody.barillare@morganlewis.com

- and –

Sabin Willett
Christopher L. Carter
One Federal Street
Boston MA 02110
Telephone: 617-341-7700
Facsimile: 617-341-7701
sabin.willett@morganlewis.com
jonathan.albano@morganlewis.com
christopher.carter@morganlewis.com

SEQUOR LAW, P.A.
Edward H. Davis, Jr.
Fernando J. Menendez
Cristina Vicens Beard
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
edavis@sequorlaw.com
fmenendez@sequorlaw.com
cvicens@sequorlaw.com

*Attorneys for Plaintiff, OI European Group B.V.*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................i
TABLE OF AUTHORITIES ......................................................................................................... ii
INTRODUCTION ......................................................................................................................... 1
   I.    PROCEDURAL BACKGROUND................................................................................. 1
   II.   ARGUMENT .................................................................................................................. 6
       A.    The Court Should Determine that GLAS was Timely Served and/or that Both
            GLAS and MUFG Have Waived a Defense of Insufficient Service of Process........... 6
       B.    Alternatively, Plaintiff Should be Granted an Extension of Time to
            Effect Service on MUFG and GLAS ............................................................................ 8
CONCLUSION............................................................................................................................ 14
CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.1.............................................. 15

# TABLE OF AUTHORITIES

**Cases**

Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) .............................................................. 9, 12

Broad. Music, Inc. v. M.T.S. Enterprises, Inc., 811 F.2d 278, 281 (5th Cir. 1987) ........................ 7

Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993) .......................................... 7

Dumas v. ABB Group, Inc., 2014 WL 278692, at *4 (D. Del. Jan. 9, 2014) .................... 11, 13, 14

Falor v. G&S Billboard, No. Civ. A. 04-2373(HAA), 2008 WL 336786, at *2 n.2 (D.N.J. Feb. 4, 2008) ......................................................................................................................................... 8

Farrace v. Department of Justice, 220 F.R.D. 419, 421 (D. Del. 2004) ...................................... 13

Federal Home Loan Mortg. Corp. v. Dutch Lane Associates, 775 F. Supp. 133, 136 (S.D.N.Y. 1991) ........................................................................................................................................ 8

Hardwire, LLC v. Zero International, Inc., 2014 WL 5144610, *14 (D. Del. Oct. 14, 2014) ....... 6

Ritter v. Cooper, 2003 WL 23112306, *2 (D. Del. Dec. 30, 2003) .......................................... 9, 12

Robinson v. Fountainhead Title Group Corp., 447 F. Supp. 2d 478, 485 (D. Md. 2006) ............ 10

Trustees of Central Laborers' Welfare Fund v. Lowery, 924 F.2d 731, 732 (7th Cir. 1991) ......... 7

United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988) ............................................. 9, 11

**Rules**

Fed. R. Civ. P. 4 .................................................................................................................. 6, 7, 8, 11

## INTRODUCTION

Plaintiff, OI European Group B.V. ("Plaintiff"), pursuant to Rule 4 of the Federal Rules of Civil Procedure, respectfully files this memorandum in support of its motion for entry of an order (i) declaring that GLAS Americas LLC ("GLAS") and MUFG Union Bank N.A. ("MUFG") have been timely and properly served and/or waived service through their appearance in this proceeding or, in the alternative, (ii) granting Plaintiff an extension of time to serve process on MUFG and GLAS; and in support thereof respectfully states as follows:

### I.   PROCEDURAL BACKGROUND

Plaintiff filed its Complaint in this action on February 11, 2019, against a total of thirteen (13) defendants including the Bolivarian Republic of Venezuela ("Venezuela"), Petróleos de Venezuela, S.A. ("PDVSA"), MUFG, GLAS, and others, seeking, among other things, declaratory judgments concerning the status of PDVSA and various entities within the CITGO corporate enterprise[1] as alter egos of Venezuela and seeking to avoid fraudulent transfers involving billions of dollars in assets. [D.I. 1].

At the time it filed the Complaint, OIEG identified three stayed proceedings before this Court involving Crystallex International Corporation ("Crystallex") (Case Nos. 15-1082, 16-1007, and 17-0151) as related matters. [D.I. 1-1]. On November 30, 2018—more than two months prior to the filing of this action—this Court entered an order staying Crystallex Case No. 17-mc-151 (the "Crystallex Asset Proceeding"), as well as several other related cases pending the Third Circuit's disposition of PDVSA's petition for writ of mandamus and the consolidated appeals. See

---

[1] The Complaint asserts claims against PDV Holding, Inc. ("PDVH"), CITGO Holding, Inc. ("CITGO Holding") and CITGO Petroleum Corporation ("CITGO" and, together with PDVH and CITGO Holding, the "CITGO Defendants").

1

Memorandum Order, Crystallex Asset Proceeding, Case No. 17-mc-151 (D. D.E. Nov. 30, 2018), D.I. 132, ¶¶2-3.

On February 14, 2019, three days after Plaintiff filed its Complaint, the Court issued summonses to several defendants, including GLAS. On February 19, 2019, the summons and Complaint were delivered to GLAS via Federal Express at its registered address for service of process, and an agent for GLAS acknowledged receipt by signing and accepting delivery of the package at 9:35 a.m. [D.I. 53-1].

At the time the summonses were issued to GLAS and the other defendants (and prior to the filing of the motion to stay this proceeding, as discussed below), counsel for Plaintiff was confirming the address and details for service of process upon MUFG. Counsel for Plaintiff delayed its initial request for issuance of the summons to MUFG until it confirmed how service would be effected.[2]

Shortly thereafter, on March 18, 2019, the CITGO Defendants moved to stay this proceeding until the Third Circuit resolved the appeal in the Crystallex Asset Proceeding, arguing that the Third Circuit's decision "will bear directly on OIEG's claims." [D.I. 19, 4]. The CITGO Defendants argued that "this Court has already determined that the similar Crystallex and ConocoPhillips cases should be held in abeyance pending the Third Circuit's ruling, and judicial economy warrants treating OIEG's case the same." Id. The CITGO Defendants' motion to stay

---

[2] Specifically, at the time the summons was issued to GLAS and the other defendants (and after an MUFG representative, informed that this proceeding would be commenced, orally approved a conflict waiver authorizing the Morgan Lewis firm to act in this case), Morgan Lewis sought to confirm whether MUFG preferred to accept service and avoid the arrival of a process server at MUFG's offices. No response was received, and service thereafter was not effected by reason of an oversight, following the CITGO Defendants' filing of their motion to stay these proceedings and the other issues noted herein, including MUFG and GLAS's subsequent appearance. MUFG's conflict waiver was later formalized, under terms that included the appearance of the Sequor firm as co-counsel in this action.

this proceeding remained pending until February 9, 2021.

Plaintiff prepared and filed an opposition to the motion to stay. While that motion was pending, none of the 13 party defendants filed responsive pleadings, and all parties effectively awaited a decision from the Court. Given that all related actions against Venezuela and PDVSA were stayed before and at the time Plaintiff filed its Complaint, Plaintiff simply responded to the CITGO Defendants' motion and took steps to serve the non-U.S. defendants (due to the lengthy steps required under various statutes and conventions). Through an oversight, it appears that MUFG was not served. However, with the motion to stay pending, no responsive pleadings were filed by any defendant, and that oversight did not immediately come to light.

In November 2019, the Court held a status hearing, following which it appeared to Plaintiff that MUFG (and GLAS) *had* been served. Specifically, on November 13, 2019, this Court held a joint status conference on nine related actions, including the Crystallex, ConocoPhillips, and OIEG matters.[3] [D.I. 32]. At the status conference, attorneys Daniel A. Mason and Walter Rieman, of Paul Weiss Rifkind Wharton & Garrison LLP, made an appearance (specifically as to this proceeding) on behalf of MUFG and GLAS:

> **The Court**: All right. Then we have OI European Group B.V. versus Bolivarian Republic of Venezuela 19-290 . . . . Is everyone on that one? No?
>
> **Mr. Mason**: Your Honor, Dan Mason of Paul Weiss, and my colleague Walter Rieman of Paul Weiss for the trustee [MUFG] and collateral agent [GLAS].

---

[3]     The nine matters heard at the November 13, 2019 status conference were the following: Crystallex v. PDVSA et al., Case No. 15-cv-1082-LPS; ConocoPhillips et al. v. PDVSA et al., Case No. 16-cv-904-LPS; Crystallex v. PDV Holding, et al., Case No. 16-cv-1007-LPS; ConocoPhillips et al. v. PDVSA et al., Case No. 17-cv-28-LPS; Crystallex v. PDVSA et al., Case No. 17-mc-151-LPS; Saint-Gobain Performance Plastics Europe v. Venezuela et al., Case No. 18-mc-343-LPS; Saint-Gobain Performance Plastics Europe v. Venezuela et al., Case No. 18-cv-1963-LPS; OI European Group B.V. v. Venezuela et al., Case No. 19-cv-290-LPS; and OI European Group B.V. v. Venezuela et al., Case No. 19-mc-290-LPS.

See [D.I. 32, Nov. 13 Tr. at 3; 13:19-23].[4]  Messrs. Mason and Reiman did not advise the Court, nor Plaintiff's counsel, that either client had not been served, or would assert a service of process defense.  Following the status conference, the Court formally stayed this proceeding on December 12, 2019. [D.I. 34].

In late June 2020 (while this proceeding was stayed), MUFG's counsel at Clifford Chance, Anthony Candido (who has not otherwise been involved in, or purported to act in any capacity in this proceeding), contacted counsel for Plaintiff at Morgan, Lewis & Bockius LLP to advise that they represented MUFG and to inquire as to formal service of process on MUFG in this proceeding.  After conferring internally, in July 2020, counsel for Plaintiff advised that they initially thought MUFG had been served but it appeared that MUFG may not have been served along with the other defendants.  Plaintiff's counsel asked whether counsel for MUFG would accept service during the pendency of the stay to address any concerns counsel may have.  Rather than raising and addressing any service issues at that point, counsel for MUFG did not respond to Plaintiff's inquiry or to follow-up emails from Plaintiff's counsel in September and November 2020.  Accordingly, counsel for Plaintiff interpreted the lack of any response from MUFG, together with MUFG's prior appearance and the ongoing stay in this proceeding, as confirmation that there were no service-related issues to be addressed with respect to MUFG.

Despite MUFG's failure to respond to Plaintiff's communications from September and November 2020, the Paul Weiss firm raised issues regarding the effectiveness of service on MUFG and GLAS in this case in January 2021.  Plaintiff's counsel pointed out that counsel for MUFG and GLAS had actual notice of, and had appeared in the suit, through counsel at Paul Weiss, who

---

[4]  Of the nine related matters on the agenda, Messrs. Mason and Rieman only entered appearances in *three* of the proceedings, including this one.

appeared at the November 13, 2019 status conference on behalf of MUFG and GLAS. Plaintiff inquired whether counsel would accept service of the Complaint on behalf of both MUFG and GLAS. Counsel for Plaintiff advised the Court that same day, in the January 26, 2021 Joint Status Report [D.I. 46], that Plaintiff had been made aware of an issue as to service with MUFG and GLAS but that the parties would meet and confer as to whether the dispute could be narrowed.

On February 9, 2021, this Court entered an order lifting the stay in this case, but ordered that the parties meet and confer within fourteen days after service of PDVSA as to the next steps in this proceeding.[5]

On February 10, 2021, Plaintiff issued a new summons to MUFG with an electronic signature (in compliance with the Court's COVID-19 procedures) and arranged for the summons to be personally served on MUFG at its branch in San Francisco. On February 12, 2021, the Clerk's Office called counsel for Plaintiff to inquire whether counsel had issued a summons with an electronic signature. The Clerk's Office confirmed that Plaintiff had followed the Court's COVID-19 procedures and instructed counsel to file the return of service upon receipt. The Clerk then issued the summons on the docket. On February 16, 2021, Plaintiff filed a return of service reflecting that service on MUFG had been effected on February 10, 2021. [D.I. 50].

On February 18, 2021, counsel at Paul Weiss sent correspondence to counsel for Plaintiff advising of its position that (i) neither MUFG nor GLAS had been properly served with a summons and complaint, and (ii) counsel was not willing to accept service of process. Although the parties

---

[5] On February 10, 2021, this Court entered an order approving Plaintiff's request for a letter rogatory to effect service on PDVSA through diplomatic channels. See [D.I. 49]. Plaintiff has since provided the letter rogatory and related documents to the U.S. Department of State, pursuant to applicable service conventions, to effect service through diplomatic channels. Service on PDVSA remains in process.

5

exchanged further correspondence on February 19, 2021, the parties have been unable to resolve the service issues.

On February 19, 2021, counsel for MUFG and GLAS filed a "Limited Entry of Appearance" notice on the docket. [D.I. 51]. In the notice, counsel stated that "[i]t is the position of [MUFG] and [GLAS] that they have not been lawfully or validly served with a summons or the complaint in this action, that they have not waived service of process in this action, and that they have not properly been joined as parties to this action." Id.

## II.     ARGUMENT

### A.    The Court Should Determine that GLAS Was Timely Served and/or that Both GLAS and MUFG Have Waived a Defense of Insufficient Service of Process.

As to GLAS, the Complaint and summons were served pursuant to Fed. R. Civ. P. 4(h)(1)(B) and (e)(1). Under Rule 4, "a corporate defendant may be served by: (1) any manner prescribed in Rule 4(e)(1), namely a method authorized under Delaware law; or (2) hand-delivery of a copy of the summons and complaint to an officer of the party or its authorized agent." Hardwire, LLC v. Zero International, Inc., 2014 WL 5144610, *14 (D. Del. Oct. 14, 2014) (citing Fed. R. Civ. P. 4(e) & (h)). Section 3104(d)(3) of Delaware's long-arm statute authorizes service on nonresident defendants by any form of mail addressed to the person to be served and requiring a signed receipt "[w]hen the law of this State authorizes service of process outside the State[.]" Hardwire, LLC, 2014 WL 5144610 at *14 (citing Del. Code. Tit. 10, § 3104(d)).

GLAS is a nonresident defendant, as it is a company formed under the laws of New Jersey. Thus, Delaware law (made applicable by Rule 4(h)(1)(A)) allows OIEG to serve process on GLAS via mail. Accordingly, on February 19, 2019, the Complaint and summons were delivered to GLAS via Federal Express, return receipt requested, and GLAS's agent signed for and accepted delivery of the package at the company's registered address for service of process on that date.

6

[D.I. 53]. Although Plaintiff did not file a proof of service until February 2021, Rule 4 provides that "[f]ailure to prove service does not affect the validity of service" and "[t]he court may permit proof of service to be amended." FED. R. CIV. P. 4(l)(3). Accordingly, Plaintiff respectfully submits that the Court should find that service of process on GLAS was timely and proper despite Plaintiff's delay in filing the return of service affidavit. Id.

Plaintiff additionally submits that MUFG and GLAS's voluntary appearance in this proceeding through counsel in November 2019, constitutes an independent waiver of any objection to the validity of service of process in this case. A defense of insufficient service of process may "be waived by formal submission to a cause, or by submission through conduct." Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993); see also Trustees of Central Laborers' Welfare Fund v. Lowery, 924 F.2d 731, 732 (7th Cir. 1991); Broad. Music, Inc. v. M.T.S. Enterprises, Inc., 811 F.2d 278, 281 (5th Cir. 1987) (affirming default judgment, and rejecting attempts to overturn same for failure of service under Rule 60(b), noting that "[t]he Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit in order to escape default judgment."); Falor v. G&S Billboard, No. Civ. A. 04-2373(HAA), 2008 WL 336786, at *2 n.2 (D.N.J. Feb. 4, 2008), report and recommendation adopted, No. CIV.A. 04-2373HAA, 2008 WL 539225 (D.N.J. Feb. 27, 2008) ("At this stage in the litigation, it appears as though Defendant has waived the ability to assert [the] defense [of improper service of process]."). Furthermore, "[t]he defense of improper service of process, although no specific time limit is set for its raising by Rule 12(h)(1), must be raised in a reasonably timely fashion or it is waived." Federal Home Loan Mortg. Corp. v. Dutch Lane Associates, 775 F. Supp. 133, 136 (S.D.N.Y. 1991). Counsel for MUFG and GLAS appeared in this proceeding in

November 2019, and it was not until January 2021 that their counsel, Paul Weiss, asserted that there was insufficient service of process. The lack of any affirmative steps taken by MUFG and GLAS through counsel or the Court weighs in favor of determining that MUFG and GLAS have waived their defense of insufficient service of process.

### B. Alternatively, Plaintiff Should be Granted an Extension of Time to Effect Service on MUFG and GLAS

In the event that the Court determines that service of process on GLAS was insufficient, and/or that GLAS and MUFG have not waived their defense to insufficient service of process through their counsel's 2019 appearance before this Court, Plaintiff respectfully requests that the Court grant Plaintiff an extension of time to serve MUFG and, if necessary, GLAS.

In relevant part, Rule 4 of the Federal Rules of Civil Procedure provides that,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without further prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"The determination whether to extend time to effect personal service pursuant to Rule 4(m) involves a two-step inquiry." Ritter v. Cooper, 2003 WL 23112306, *2 (D. Del. Dec. 30, 2003) (citing Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997)). First, if good cause exists for the plaintiff's failure to effect timely service, the court must grant the extension. Id. Second, "[i]f good cause does not exist, the court then must consider whether to grant a discretionary extension of time in the interest of justice." Id.

### a. Good Cause Exists to Grant Plaintiff an Extension of Time to Effect Service on MUFG and, if Necessary, GLAS.

In determining whether good cause exists to extend the time for service under Rule 4(m),

8

courts generally consider three factors: "(1) reasonableness of the plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether the plaintiff moved for an enlargement of the time to serve." Ritter, 2003 WL 23112306, at *2 (citing United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988)). Here, all of the foregoing factors weigh in favor of finding that good cause exists for a brief extension of time to serve MUFG and GLAS.

First, the record shows that Plaintiff made diligent efforts to serve all defendants and that lack of service on MUFG was inadvertent and followed the filing of a motion to stay this proceeding, which was filed within 35 days of the case filing and followed by the Court's entry of a stay in this proceeding. In coordinating service on thirteen separate defendants, and addressing issues relating to the requests to stay this proceeding, Plaintiff's counsel failed to recognize that service on MUFG had not been completed.[6] In the normal course of events, Plaintiff would have become aware of the inadvertent lack of service when the defendant failed to respond to the complaint within the deadlines applicable to other parties in this proceeding or upon the entry of an order relating time to serve under Rule 4(m), which was never issued due to the stay in this proceeding. Here, Plaintiff did not suspect there were any issues with service where a motion to stay was pending, no other responses to the Complaint had been required, and where counsel for MUFG and GLAS made an appearance at the November 13, 2019 status conference and did not represent that their appearance in the OIEG cases was limited in any way. It was not until 2021 that counsel for MUFG and GLAS in this proceeding expressed issues with service, and since that time Plaintiff's counsel has acted diligently to remedy the potential dispute.

---

[6] As the Notes to F.R.C.P. 4(m) provide, "[a] specific instance of good cause is set forth in paragraph (3) of this rule, which provides for extensions if necessary to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations."

Further, all applicable response deadlines here were stayed by the CITGO Defendants' filing of their motion for stay, which sought to treat these proceedings in the same manner as the Crystallex and ConocoPhillips cases, which had been stayed by this Court since November 2018. In Robinson v. Fountainhead Title Group Corp., 447 F. Supp. 2d 478, 485 (D. Md. 2006), the plaintiff argued that he should be excused from serving the defendant late, because the case had been stayed and, as a result, the summons and complaint could not be served on the defendant. The court agreed. Similarly, here, although the case was not formally stayed until December 2019, the case was stayed as a practical matter from its inception, as it was a case related to the Crystallex and ConocoPhillips matters, which were stayed on November 30, 2018, and the CITGO Defendants filed a motion for stay in March 2019, shortly after Plaintiff filed its Complaint.

Second, the lack of timely service has not caused, and will not cause, any prejudice to MUFG or GLAS because nothing has happened in the case beyond Plaintiff's filing its Complaint. Thus far: (i) the parties have had actual notice of this proceeding and, as set forth above, have waived the defense of insufficient service of process, (ii) the Court has not set a deadline for responding to the Complaint and (iii) other than service on PDVSA, the case remains effectively stayed (and was entirely stayed through February 9, 2021). See [D.I. 48]. As noted above, counsel for MUFG and GLAS made an appearance in 2019 in this particular proceeding, at which time they raised no procedural issues. "[A]ctual notice precludes any finding of detrimental reliance by, or prejudice to, defendant[ ], notwithstanding that service of process did not comport with every detail of Fed. R. Civ. P. 4." Nuttall, 122 F.R.D. at 167. As was the status in mid-2019, no defendant has answered the complaint, no substantive motion practice or discovery has taken place, and thus there has been and will be no prejudice to MUFG or GLAS for any alleged service or notice issues. See Dumas v. ABB Group, Inc., 2014 WL 278692, at *4 (D. Del. Jan. 9, 2014).

(granting motion to extend service of process where, "despite Plaintiff's inattention to completing service," and due to prior stays and unrelated discovery issues, defendant at issue had "not lost an opportunity for filing dispositive motions").

Third, although Plaintiff did not seek an extension of time to serve while this case was stayed, Plaintiff is now requesting an extension of time to serve MUFG and GLAS soon after it received confirmation from counsel for MUFG and GLAS that they intended to assert that there was a lack of timely service.

Hence, the Court should find there is good cause to allow Plaintiff a brief extension to serve (or to deem service to have been made on) MUFG and GLAS.

### b. Alternatively, the Court Should Exercise its Discretion to Grant Additional Time to Effect Service on MUFG and GLAS

Even in the absence of good cause, Rule 4(m) affords the court discretion to extend the time for service. Ritter, 2003 WL 23112306 at *3. "When deciding whether to exercise its discretion, a court may consider the following factors: (i) frivolousness of the plaintiff's complaint; (ii) the plaintiff's motivation in pursuing its claims; (iii) objective unreasonableness (both in the factual and legal components of the case); and (iv) the need in particular circumstances to advance considerations of compensation and deterrence." Id. (internal citations omitted). Discussing the contours of awarding relief under Rule 4(m), the Third Circuit Court of Appeals looked at the Advisory Committee's Notes when drafting the amendment of Rule 4(m):

> Authorizing the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown . . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .

Boley, 123 F.3d at 758 (quoting Fed. R. Civ. P. 4(m) Adv. Comm. Notes (1993) (emphasis added)). "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled

11

action, or if the defendant is evading service or conceals a defect in attempted service." Dumas, 2014 WL 278692 at *3.

In Farrace, even though it found there was no good cause to excuse plaintiff's failure to effect timely service, this Court granted plaintiff additional time to serve where there was no evidence that plaintiff had acted in bad faith and where the statute of limitations on plaintiff's claim would have expired and prevented him from re-filing his lawsuit. Farrace v. Department of Justice, 220 F.R.D. 419, 421 (D. Del. 2004) ("after considering all the circumstances here, the Court concludes that a dismissal with prejudice of Plaintiff's Complaint without addressing the merits would be unjust").  Here, as in Farrace, once Plaintiff became aware of MUFG and GLAS' positions on service, it took immediate efforts to remedy the issues through discussions with counsel and, now, through the Court.  See id.  Conversely, even though MUFG and GLAS' counsel made an appearance in this proceeding in November 2019, it was not until January 2021 that they formally raised the possibility of insufficient service of process.[7]

The Court should exercise its discretion to allow Plaintiff additional time within which to serve MUFG and GLAS. Absent such discretionary relief, Plaintiff's claims against MUFG will be barred by the statute of limitations, as the relevant transfers to MUFG and GLAS that are at issue in this proceeding occurred more than four (4) years ago. Id. (concluding that the running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)).

Furthermore, the factors outlined in Ritter weigh in favor of granting the relief requested here.  First, Plaintiff's Complaint is not frivolous, as, among other things, other creditors of

---

[7] While the answer appears self-evident, undersigned counsel has asked whether MUFG and GLAS were aware of the purported deficiencies in service at the time of their appearance at the status conference before this Court on November 13, 2019.  Counsel's response is pending.

Venezuela have sought similar relief and have been granted relief in this Court premised on the argument that PDVSA is an alter ego of Venezuela. Second, Plaintiff is acting in good faith here. Plaintiff's failure to serve MUFG and GLAS was an inadvertent oversight and Plaintiff is pursuing its claims in good faith, as is seeking redress for the wrongful expropriation of its glass manufacturing plant in Venezuela and enforcement of the resulting judgment. Third, the factual and legal grounds upon which the Complaint is founded—including as it relates to MUFG and GLAS, where Plaintiff seeks to unwind and avoid share pledges made by PDVH that were intended to guarantee billions in PDVSA debt *for no value* to PDVH—are objectively reasonable. Fourth, given that MUFG and GLAS are necessary parties to this action, Plaintiff should not be prejudiced for its failure to effect service on all thirteen defendants in this proceeding,[8] while all other related proceedings involving claims related to CITGO were stayed and Plaintiff has been barred from taking any action against the defendants in this case; a motion to stay this proceeding was filed a little over a month after the commencement of this case; counsel for MUFG and GLAS appeared and participated in hearings before this Court; a stay was ultimately entered barring any litigation from going forward in this proceeding; and, to date, the action has not yet advanced against any of the defendants in any material respect. Indeed, as set forth in this Court's Oral Order of February 9, 2021, this proceeding is not scheduled to proceed further until PDVSA is served. [D.I. 48] (providing that "IT IS ORDERED that, no later than 14 days after PDVSA has been served, the parties shall (having met and conferred) submit a joint status report, which shall include a proposed schedule for the filing and briefing of any motions to dismiss and any other forthcoming motions").

---

[8] See Dumas, 2014 WL 278692 at *3 n.4 ("Other factors may include whether service was required to be made on multiple defendants.").

13

Based on all of the foregoing, Plaintiff requests that the Court allow Plaintiff additional time in which to serve MUFG and GLAS.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an order declaring that service has been timely effected (or deemed effective) on GLAS and MUFG or, alternatively, granting Plaintiff an extension of time to serve GLAS and/or MUFG, and granting such other and further relief as the Court deems just and proper.

Date:  March 26, 2021

Respectfully submitted,

By:  /s/ Jody Barillare
Jody C . Barillare (#5107)
Kelsey A. Bomar (#6641)
**MORGAN, LEWIS & BOCKIUS LLP**
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone:   302-574-3000
Facsimile:    302-574-3001
Email: jody.barillare@morganlewis.com
Email: Kelsey.bomar@morganlewis.com

Edward H. Davis, Jr., Esq.*
Fernando J. Menendez, Esq.*
Cristina Vicens Beard, Esq.*
**SEQUOR LAW, P.A.**
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone:    (305) 372-8282
Facsimile:     (305) 372-8202
Email: edavis@sequorlaw.com
Email: fmenendez@sequorlaw.com
Email: cvicens@sequorlaw.com

*admitted pro hac vice

14

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.1

Pursuant to Local Rule 7.1.1, the undersigned certifies that on March 26, 2021 counsel for Plaintiff and counsel for MUFG and GLAS, including Delaware counsel for each party, conferred telephonically and, despite reasonable efforts, the parties were not able to reach agreement regarding the matters set forth in this Motion.

By: */s/ Jody C. Barillare*
Jody C. Barillare (#5107)