IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V.,<br><br>Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA, PETRÓLEOS DE VENEZUELA, S.A., PDV HOLDING, INC., CITGO HOLDING, INC., CITGO PETROLEUM CORPORATION, GLAS AMERICAS LLC, MUFG UNION BANK, N.A., ROSNEFT TRADING, S.A., ORLANDO CHACIN, JESUS LUONGO, ANTON CASTILLO, and EULOGIO DEL PINO,<br><br>Defendants. | C.A. No. 19-290-LPS |

## MEMORANDUM ORDER

WHEREAS, on February 11, 2019, Plaintiff OI European Group B.V. ("OIEG") sued various entities in this Court, including Defendant GLAS Americas LLC ("GLAS"), in its capacity as the collateral agent under an indenture dated October 27, 2016 and a pledge and security agreement dated October 28, 2016, governing senior secured notes issued by Defendant Petróleos de Venezuela, S.A. ("PDVSA") due in 2020, as well as Defendant MUFG Union Bank, N.A. ("MUFG"), in its capacity as trustee under the same documents;

WHEREAS, OIEG contends that GLAS was properly served with process on or about February 19, 2019 (*see* D.I. 55 at 2; *see also* D.I. 53, 53-1), which GLAS disputes (*see* D.I. 63 at 14-16);

WHEREAS, OIEG admits that MUFG was never served with process (*see* D.I. 55 at 3);

1

WHEREAS, on March 26, 2021, OIEG filed a motion for entry of an order declaring that GLAS and MUFG have been timely and properly served and/or waived service or, in the alternative, extending time to effect service (D.I. 54);

WHEREAS, the Court has carefully considered the briefing and related materials (*see generally* D.I. 55, 61, 63, 64, 65, 66, 67, 69, 70);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that OIEG's motion regarding service on GLAS and MUFG (D.I. 54) is **GRANTED** to the extent that the Court agrees to OIEG's requested alternative relief, namely that the Court is exercising its discretion to permit service on GLAS and MUFG no later than **March 18, 2022.**

1. OIEG contends that it properly served GLAS in February 20219. The parties do not dispute that, under Federal Rule of Civil Procedure 4, OIEG was permitted to serve GLAS in accordance with methods authorized under Delaware law. (*Compare* D.I. 55 at 6 *with* D.I. 63 at 14-15) Under Delaware's long-arm statute, service outside the state may be made "[b]y any form of mail addressed to the person to be served and requiring a signed receipt." 10 Del. C. § 3104(d)(3). GLAS admits that it received a summons and a copy of the complaint by Federal Express in February 2019, but contends that Delaware law does not recognize service by Federal Express as service by "mail." (*See, e.g.*, D.I. 63 at 14-15; *see also* D.I. 53-1; *Leatherbury v. Greenspun*, 939 A.2d 1284, 1288-89 (Del. 2007) (concluding that service by Federal Express did not satisfy requirement in 18 Del. C. § 6856(3) of service by "certified mail, return receipt requested")) The Court need not, and will not, resolve the parties' dispute on this issue.

2. OIEG next contends that GLAS and MUFG forfeited their ability to raise an objection to improper service by appearing at a status conference for nine related cases

(including this one) in November 2019. (*See* D.I. 55 at 7-8; *see also* D.I. 32 at 12-13) The Court disagrees. As a general rule, defendants "do[] not waive the required service of process simply by virtue of [counsel]'s filing an appearance in the case." *Dougherty v. Dupes*, 2018 WL 1696651, at *11 (M.D. Pa. Apr. 6, 2018) (collecting cases). During the November 2019 status conference, counsel for GLAS and MUFG did appear but did not offer any argument related to this case. (*See generally* D.I. 32) Since the conference, GLAS and MUFG have not participated in this case in any meaningful way. OIEG's cited cases (*see* D.I. 55 at 7) are inapposite because they involve defendants who forfeited insufficient-service-of-process defenses by significantly participating in those cases. Under Federal Rule of Civil Procedure 12(b), GLAS and MUFG are required to raise the defense of insufficient service of process in their first motion or response to the complaint. GLAS and MUFG have not yet filed any such motion or responsive pleading. Accordingly, neither defendant has forfeited its challenge.

3. The Court will exercise its discretion to grant OIEG an extension to serve GLAS and MUFG.[1] GLAS and MUFG do not dispute that the Court has the discretion to grant an extension under Federal Rule of Civil Procedure 4(m). (*See* D.I. 63 at 21) (citing *Petrucelli v. Bohringer & Ratzinger, GmbH*, 46 F.3d 1298, 1305 (3d Cir. 1995)) In exercising that discretion, the Court may consider: (i) whether the plaintiff's complaint is frivolous, (ii) the plaintiff's motivation for pursuing its claims, (iii) the objective reasonableness of the case's factual and legal components, and (iv) considerations of compensation and deterrence. *See Ritter v. Cooper*, 2003 WL 23112306, at *3 (D. Del. Dec. 30, 2003). The Court does not

---

[1] Because the Court exercises its discretion to grant OIEG an extension, it need not consider whether OIEG has also shown "good cause" that would automatically entitle it to an extension. (*Compare* D.I. 55 at 8-11 *with* D.I. 63 at 18-20)

3

believe that OIEG's complaint is frivolous. In terms of motivation and reasonableness, OIEG understandably seeks to assert its legal rights after the Bolivarian Republic of Venezuela forcibly expropriated OIEG's investments in two glass container factories and after Venezuela's state-owned oil company, PDVSA, allegedly received share pledges worth extraordinarily large sums of money for no value. (D.I. 1 ¶¶ 2, 7; *see also* D.I. 69 at 6) Allowing GLAS and MUFG (which may be necessary parties to this action) to be dismissed on a what might be considered a "technicality" would not promote considerations of compensation and deterrence, nor would it be in the interest of justice. That is especially true because OIEG would be barred by the statute of limitations from refiling its claim. *See Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) ("[T]he running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m) . . . .") (emphasis omitted). Additionally, the Court discerns no prejudice to GLAS or MUFG in light of today's decision. This case was stayed from December 2019 until February 2021 (*see* D.I. 34, 48), and at no stage of the case has GLAS or MUFG been deprived of its ability to litigate. Nothing substantive has occurred in this case as another defendant, PDVSA, has not been served. (*See* D.I. 69 at 5) ("GLAS and MUFG do not allege they have suffered or will suffer any prejudice because of OIEG's inadvertent failure to serve them with the Complaint and Summons. They will not. OIEG is still in the process of serving PDVSA and the period to respond to the Complaint has not begun to run for any of the defendants in this case.") Moreover, the Court agrees with OIEG that it has generally proceeded diligently after discovering its oversight, and its effort to serve GLAS by Federal Express is further evidence of its good faith. (*See, e.g.*, D.I. 46 at 2 n.2) (notifying Court in January 26, 2021 joint status report that parties were meeting and conferring to narrow disputes)

Accordingly, the Court will permit OIEG to serve GLAS and MUFG by no later than **March 18, 2022**.

March 2, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

5