IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, *et al.*, <br><br> Defendants. | Case No. 19-cv-00290 (LPS) |

## JOINT OCTOBER 4, 2022 STATUS REPORT

Pursuant to the Court's September 29, 2022, order directing the parties to file a joint status report by October 4, 2022, on how this case should proceed, Plaintiff, OI European Group B.V. ("OIEG"), and Defendants the Bolivarian Republic of Venezuela ("Venezuela"), the CITGO Defendants (as defined below), Rosneft Trading, S.A. ("RTSA"), MUFG Union Bank, N.A. (the "Trustee"), and GLAS Americas LLC (the "Collateral Agent"), in their respective capacities as Trustee and Collateral Agent under the Indenture and Pledge Agreement governing PDVSA's Senior Secured Notes due 2020, submit this joint status report.

On December 12, 2019, this Court entered an order staying this action "until the completion of the Supreme Court proceedings in the Crystallex Asset Proceeding[1] or further order of this or any other Court lifting the stay." D.I. 26 at 17 ("Memorandum Order"). On May 18, 2020, the Supreme Court denied the cert petition with respect to the Crystallex Asset Proceeding. *See* Order

---

[1] *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Case No. 17-mc-151.

List, May 18, 2020. Later that day, OIEG advised the Court of this development by letter. D.I. No. 36.

On June 1, 2020, at this Court's request, the parties submitted a joint status report. In that report, OIEG requested that the Court set a deadline for all of the Defendants to respond to the complaint. All Defendants that had appeared requested that this proceeding be further stayed pending OIEG's motion for an attachment in Case No. 19-mc-290. D.I. No. 41.

On January 15, 2021, the Court ordered the parties to submit a further joint status report on how this case should proceed. D.I. 45. In that subsequent report, OIEG renewed its request that the Court set a deadline for all of the Defendants to respond to the complaint, and the appearing Defendants renewed their request for the matter to remain stayed pending resolution of OIEG's motion for attachment. D.I. No. 46.

On February 9, 2021, this Court entered an order finding that this case should move forward, (i) granting Plaintiff's prior motion for issuance of a letter rogatory to effect service of the complaint on Defendant, Petroleos de Venezuela, S.A. ("PDVSA") (D.I. 29), and (ii) further ordering "that, no later than 14 days after PDVSA has been served, the parties shall (having met and conferred) submit a joint status report, which shall include a proposed schedule for the filing and briefing of any motions to dismiss and any other forthcoming motions." *See* D.I. 48. Although the Court granted Plaintiff's request for authority to serve PDVSA, *see* D.I. 48 and 49, the United States Department of State (the "Department of State") has advised Plaintiff that such service remains pending. Accordingly, no further action has been taken in this proceeding since the entry of this Court's February 9 order.

On September 29, 2022, this Court entered its Memorandum Order in OIEG's pending attachment proceeding, Case No. 19-mc-290, pursuant to which the Court lifted the abeyance on

OIEG's attachment motion and ordered the parties to that proceeding to meet and confer and submit a joint status report, advising the Court of their position(s) as to the next steps the Court should take in that proceeding. The requested joint status report is being filed concurrently herewith.

## I. Position of OIEG

OIEG filed its complaint in this action on February 11, 2019, and since then all defendants have appeared or have been served except for Defendant PDVSA. Although there is no longer a stay in this proceeding, no defendant has filed a responsive pleading as further conferences and scheduling in this case are currently predicated on the completion of service on PDVSA.

In light of ongoing delays in serving PDVSA, which the Department of State has advised has been caused by the intervening COVID-19 pandemic, OIEG requests that the Court enter an order setting a deadline of November 4, 2022 for the filing of responsive pleadings by all Defendants who have been served or appeared. Given the age of this proceeding, OIEG further requests that the Court permit OIEG to begin serving document requests on the Defendants pursuant to Fed. R. Civ. P. 26(d)(1), regardless of the nature of the responsive pleadings filed. Whatever the results of OIEG's separate attachment proceeding, here substantial relief is sought, and will require factual review by this Court, with regard to the CITGO Defendants and the other defendant parties, all of whom (other than Rosneft) are in the United States and in possession of documents relevant to the claims in this case.

The District Court's ruling in the matter of *Petroleos de Venezuela S.A. v. MUFG Union Bank, N.A., et al.*, 2020 WL 6135761 (S.D.N.Y. Oct. 16, 2020) sharpens the urgency of proceeding expeditiously in this long-delayed action. In that matter, the court ruled that, as a result of PDVSA's default on its obligations under bonds scheduled to come due in 2020, PDVSA's 2020

bondholders are entitled to exercise their contractual right to enforce remedies on shares of CITGO Holding, Inc. *See id.* That decision, which is currently on appeal before the Second Circuit—and has been fully briefed and argued—paves a path for the PDVSA bondholders to force a sale of those shares. Such a sale would significantly undermine one of the causes of action in this proceeding – that the pledge of shares to the PDVSA bondholders should be unwound as a fraudulent transfer.

## II. Position of PDV Holding, Inc., CITGO Holding, Inc., and CITGO Petroleum Corporation (the "<u>CITGO Defendants</u>")

The CITGO Defendants oppose OIEG's request for an order directing Defendants to respond to the complaint before PDVSA has been served with process, which is contrary to this Court's previous order in this case. OIEG concedes that it still has not effected service on PDVSA. Yet this Court already decided that the filing and briefing of motions to dismiss should not occur until PDVSA has been served. *See* D.I. 48 (ordering "that, no later than 14 days after PDVSA has been served, the parties shall (having met and conferred) submit a joint status report, which shall include a proposed schedule for the filing and briefing of any motions to dismiss and any other forthcoming motions").

That decision continues to make sense. PDVSA, once served, will certainly move to dismiss OIEG's DUFTA complaint on at least partially overlapping grounds. Requiring the CITGO Defendants to respond to the complaint now, before PDVSA—a key defendant in OIEG's alter ego theory of DUFTA liability—does so will result in inefficient, piecemeal litigation. Nor would OIEG be particularly prejudiced by delay. OIEG complains that the Second Circuit may soon issue a decision on the appeal of PDVSA and PDVH's challenge to the validity of the PDVSA 2020 notes and related pledge, but OFAC sanctions continue to block any sale of the CITGO Holding shares. Moreover, this Court's decision to resolve OIEG's attachment motion in the *OIEG*

*Asset Proceeding* may inform resolution of OIEG's alter ego allegations here. *Compare OIEG Asset Proceeding* D.I. 43 at 3 (holding that OIEG must prove that PDVSA is the alter ego of the Republic under *Bancec* in order to establish subject matter jurisdiction under the Foreign Sovereign Immunities Act), *with* D.I. 1 at ¶¶ 5, 51-74 (alleging alter ego between PDVSA and the Republic as part of DUFTA claim in this case). By the time that motion is resolved, OIEG may have effected service of process on PDVSA.

Should the Court order the filing and briefing of motions to dismiss by served parties in this proceeding to move forward without awaiting service on PDVSA, the CITGO Defendants request 30 days after the Court issues its order lifting the stay to file their opening motion to dismiss. The CITGO Defendants also oppose OIEG's request to initiate discovery before resolution of whether OIEG has adequately stated a claim upon which relief can be granted. Consistent with the regular treatment of complaints subject to a 12(b)(6) motion to dismiss and consistent with all other DUFTA actions brought in this Court by creditors of the Republic or PDVSA, no discovery should begin until after motions to dismiss have been resolved. *See Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) ("The Rule 12(b)(6) procedure 'streamlines litigation by dispensing with needless discovery and factfinding,' and motions to dismiss filed under it should typically 'be resolved before discovery begins.'" (citations omitted)). Under the Third Circuit's ruling in *Crystallex Int'l Corp. v. Petróleos de Venezuela, S.A.*, 879 F.3d 79, 86 (3d Cir. 2018), OIEG's claims against the CITGO Defendants are fundamentally deficient unless OIEG can adequately allege a basis under Delaware law to pierce the veils of the CITGO Defendants, as would be required to hold them liable under DUFTA as non-debtor transferors. This Court has never weighed in on that question. And other courts have dismissed complaints attempting the same thing on the ground that they failed to plausibly allege that CITGO Petroleum

Corp. is an alter ego of PDVSA. *See Energy Coal, S.p.A. v. CITGO Petroleum Corp.*, No. 2:14-CV-03092, 2015 WL 5123867, at *7-10 (W.D. La. Aug. 31, 2015), *aff'd sub nom. Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457 (5th Cir. 2016); *RSM Prod. Corp. v. Petróleos de Venezuela, S.A.*, 338 F. Supp. 2d 1208, 1216 (D. Colo. 2004).

### III. Position of Venezuela

The Interim Government of Venezuela agrees with the position of the CITGO Defendants set forth above.

### IV. Position of RTSA

RTSA agrees with the position of the CITGO Defendants, the Interim Government of Venezuela, and the Trustee and the Collateral Agent with respect to the timing of responsive pleadings and discovery relative to the completion of service on PDVSA. Further, consistent with its position in the June 1, 2020 Joint Status Report and the January 26, 2021 Joint Status Report, RTSA maintains that the most judicious course would be to stay all proceedings in this matter while OIEG re-urges its motion for a writ of attachment in Case No. 19-mc-290. As OIEG has recognized, if OIEG is successful in attaching the PDVH shares and executing on its judgment, the DUFTA claims in this case may be mooted. Strictly in the alternative, if the Court is disinclined to stay these proceedings, RTSA respectfully asks that the Court defer setting a deadline for the filing of responsive pleadings until RTSA can confer with OIEG on a mutually agreeable briefing schedule. Should the Court wish to set the briefing schedule, RTSA respectfully proposes December 2, 2022 as the deadline for responsive pleadings. Lastly, as indicated above, RTSA opposes OIEG's request to commence discovery before responsive pleadings are filed, as those pleadings may include dispositive motions that obviate the need for discovery.

V.      **Position of the Trustee and the Collateral Agent**

The Trustee and the Collateral Agent respectfully submit that they should not be required to respond to OIEG's complaint until a date to be determined after OIEG has effected service on PDVSA.  OIEG agreed to that schedule in a Stipulation and Proposed Order entered on March 11, 2022—and more than a year after this Court adopted the same schedule with regard to the other defendants in this action—and the Court so-ordered the Stipulation the same day.  D.I. 72.  OIEG acknowledges that it has not yet completed service on PDVSA and thus that the trigger for setting a response deadline under the Court's prior order and the parties' stipulation has not occurred.  OIEG points to no changed circumstances that would warrant allowing OIEG to abrogate its agreement with the Trustee and the Collateral Agent or to alter the Court-approved schedule, and there are none.

OIEG contends that, although it has not yet served PDVSA, the Court should nevertheless require the defendants who have been served to respond to OIEG's complaint before service on PDVSA has been effected.  OIEG purports to justify this request on the ground of "the age of this proceeding" and the ruling of the district court nearly two years ago in *Petróleos de Venezuela S.A.* v. *MUFG Union Bank, N.A.*, 2020 WL 6135761 (S.D.N.Y. Oct. 16, 2020).  But OIEG made substantially the same request based on exactly the same arguments (indeed, in virtually the same words) in the parties' joint status report dated January 26, 2021.  D.I. 46 at 2–3.  Rather than setting a firm deadline for the served parties to respond as OIEG urged, the Court instead directed the parties to submit a proposed schedule for briefing motions to dismiss and other motions only "after PDVSA has been served."  D.I. 48.

OIEG was well aware of the Court's order, as well as the age of the case and the district court decision in *Petróleos de Venezuela*, when it stipulated in March of this year that the Trustee

and the Collateral Agent were not required to respond to the complaint until PDVSA was served. OIEG asserts that service on PDVSA has been delayed "by the intervening COVID-19 pandemic." But the pandemic was already two years old when OIEG stipulated to the current schedule with the Trustee and the Collateral Agent.

In any event, the reasons for briefing motions to dismiss only after OIEG has effected service on PDVSA are as compelling today as they were in February 2021, when the Court established the current schedule, and in March 2022, when OIEG stipulated to that schedule with the Trustee and the Collateral Agent. It would be a waste of the Court's and the parties' resources to engage in dispositive motion practice before all defendants have been served and are before the Court. In addition, given the centrality of PDVSA's alleged actions to OIEG's claims and the defenses that the Trustee and the Collateral Agent expect to assert, it would be unfair to allow discovery to proceed where the defendants are unable to obtain discovery from PDVSA. *See, e.g.*, Compl. ¶¶ 75–86, D.I. 1 (allegations purportedly supporting OIEG's claim that the Republic and PDVSA "exercise extensive day-to-day control over PDVH and CITGO Holding, such that each corporation functions as a mere 'pass-through' entity that Venezuela and PDVSA use to control CITGO Petroleum").

The Court should also deny OIEG's request to initiate discovery before motions to dismiss are heard and decided. The Trustee and the Collateral Agent believe that OIEG's complaint fails to state a claim under the Third Circuit's *Crystallex* ruling. *See Crystallex Int'l Corp.* v. *Petróleos de Venezuela, S.A.*, 879 F.3d 79, 86 (3d Cir. 2018) (holding that the Delaware Uniform Fraudulent Transfer Act does not apply to transfers made by a "non-debtor subsidiary transferor (here, PDVH)" and noting that meritorious alter ego claims in Delaware are "rare"). The parties should

not be burdened with discovery until the Court has determined whether OIEG's complaint states a claim.

For these reasons, OIEG's request to vary the schedule that this Court established in February 2021 and to which OIEG stipulated only a few months ago should be denied.

Dated: October 4, 2022                                              Respectfully submitted,

| ABRAMS & BAYLISS | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| By: /s/ Stephen Childs<br>A. Thompson Bayliss (#4379)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>Telephone: 302-778-1000<br>bayliss@abramsbayliss.com | By: /s/ Jody C. Barillare<br>Jody C. Barillare (#5107)<br>Kelsey A. Bomar (#6641)<br>1201 N. Market Street, Suite 2201<br>Wilmington, DE 19801<br>Telephone: 302-574-3000<br>Facsimile: 302-574-3001<br>jody.barillare@morganlewis.com<br>kelsey.bomar@morganlewis.com |
| SULLIVAN & CROMWELL LLP<br>Sergio J. Galvis<br>Joseph E. Neuhaus (*pro hac vice*)<br>James L. Bromley (*pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: 212-558-4000<br>Facsimile: 212-558-3588<br>galvis@sullcrom.com<br>neuhausj@sullcrom.com<br>bromleyj@sullcrom.com | - and -<br><br>Sabin Willett (*pro hac vice*)<br>Christopher L. Carter (*pro hac vice*)<br>One Federal Street<br>Boston MA 02110<br>Telephone: 617-341-7700<br>Facsimile: 617-341-7701<br>sabin.willett@morganlewis.com<br>christopher.carter@morganlewis.com<br><br>*Attorneys for Plaintiff*<br>*OI European Group B.V.* |
| - and -<br><br>Angela N. Ellis<br>1700 New York Avenue, N.W. Suite 700<br>Washington, D.C. 20006-5215<br>Telephone: 202-956-7500<br>Facsimile: 202-293-6330<br>ellisan@sullcrom.com<br><br>*Attorneys for Defendant the Bolivarian*<br>*Republic of Venezuela* | |

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | DLA PIPER LLP (US) |
|---|---|
| By: /s/ Alexandra M. Cumings<br>Kenneth J. Nachbar (#2067)<br>Alexandra M. Cumings (#6146)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Telephone: 302-351-9294<br>knachbar@mnat.com<br>acumings@mnat.com | By: /s/ Amy Evans<br>R. Craig Martin (#5032)<br>Amy Evans (#3829)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801-1147<br>Telephone: 302-468-5700<br>craig.martin@us.dlapiper.com<br>amy.evans@us.dlapiper.com |
| EIMER STAHL LLP<br>Nathan P. Eimer (*pro hac vice*)<br>Lisa S. Meyer (*pro hac vice*)<br>224 South Michigan Avenue<br>Suite 1100<br>Chicago, IL 60604<br>Telephone: 312-660-7600<br>neimer@eimerstahl.com<br>lmeyer@eimerstahl.com | NORTON ROSE FULBRIGHT US LLP<br>Stephen Dollar (*pro hac vice*)<br>1301 Avenue of the Americas<br>New York, NY 10019-6022<br>Telephone: 212-318-3400<br>steve.dollar@nortonrosefulbright.com<br><br> - and -<br><br>Mark Oakes (*pro hac vice*)<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, TX 78701-4255<br>Telephone: 512-474-5201<br>mark.oakes@nortonrosefulbright.com |
| *Attorneys for Defendants PDV Holding, Inc., CITGO Holding, Inc. and CITGO Petroleum Corp.* | *Attorneys for Defendant Rosneft Trading, S.A.* |

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

/s/ Daniel A. Mason
Daniel A. Mason (#5206)
500 Delaware Avenue, Suite 200
Post Office Box 32
Wilmington, DE 19899-0032
Telephone: 302-655-4410
Facsimile: 302-655-4420
dmason@paulweiss.com

PAUL, WEISS, RIFKIND,
     WHARTON & GARRISON LLP
Walter Rieman (*pro hac vice*)
Jonathan Hurwitz (*pro hac vice*)
Shane D. Avidan (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: 212-373-3000
Facsimile: 212-757-3990
wrieman@paulweiss.com
jhurwitz@paulweiss.com
savidan@paulweiss.com

*Attorneys for Defendants MUFG Union Bank, N.A. and GLAS Americas LLC, in their respective capacities as Trustee and Collateral Agent, under the Indenture dated October 27, 2016, and the Pledge and Security Agreement dated October 28, 2016, governing PDVSA's senior secured notes due 2020*